**REISMAN & REISMAN**
DANIEL A. REISMAN (250819)
ERIN REISMAN (SBN 248426)
5900 Wilshire Blvd., Suite 2600
Los Angeles, California 90036-5013
Telephone:   323-330-0580
Facsimile:   323-389-0694
dreisman@reismanlawoffices.com
ereisman@reismanlawoffices.com

**RISE LAW FIRM, PC**
ELIOT J. RUSHOVICH (SBN 252343)
5900 Wilshire Blvd., Suite 2600
Los Angeles, California 90036-5013
Telephone:   310-728-6588
Facsimile:   310-728-6560
eliot@riselawfirm.com

Attorneys for Plaintiff
JESSICA LEE

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JESSICA LEE, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>vs.<br><br>APPLE INC.,<br><br>Defendants. | Case No.: 5:18-cv-07235<br><br>**CLASS ACTION COMPLAINT**<br><br>1. **VIOLATION OF CALIFORNIA CONSUMERS LEGAL REMEDIES ACT ("CLRA"), CIVIL CODE §1750, ET SEQ.;**<br><br>2. **VIOLATION OF CALIFORNIA BUSINESS AND PROFESSIONS CODE § 17200, ET SEQ.;**<br><br>3. **VIOLATION OF THE CALIFORNIA FALSE ADVERTISING LAW ("FAL"), BUSINESS AND PROFESSIONS CODE § 17500, ET SEQ.**<br><br>4. **BREACH OF EXPRESS WARRANTY**<br><br>5. **BREACH OF IMPLIED WARRANTY**<br><br>6. **COMMON LAW FRAUD**<br><br>7. **QUASI-CONTRACT/RESTITUTION**<br><br>**[DEMAND FOR JURY TRIAL]** |

Plaintiff Jessica Lee ("Plaintiff"), on behalf of herself and all others similarly situated, by and through her counsel, hereby brings this Class Action Complaint against Apple Inc. ("Defendant" or "Apple"), alleging, upon knowledge as to herself and her known acts, and upon information and belief as to all other matters, the following:

## I.

## PARTIES

1.     Plaintiff Jessica Lee is a citizen of, and domiciled in, California, and she resides in San Francisco, California.

2.     Defendant Apple Inc. ("Apple") is a California corporation with its principal place of business in Cupertino, California.  Apple, directly and/or through its employees, agents and representatives, markets and sells various through various distribution channels, including, without limitation, on or more mobile apps.

## II.

## JURISDICTION AND VENUE

3.     This Court has subject matter jurisdiction over this class action pursuant 28 U.S.C. § 1331 because a federal claim is pleaded and pursuant to 28 U.S.C. § 1332, as amended, because: (a) the number of members of the proposed plaintiff class is greater than 100; (b) at least one class member and Defendant are citizens of different states; and (c) the aggregated claims of the individual Class members exceed $5,000,000.00, exclusive of interest and costs.

4.     This Court has personal jurisdiction over Plaintiff because Plaintiff resides in California and submits to the Court's jurisdiction in this case.

5.     This Court has personal and general jurisdiction over Defendant because Defendant is incorporated in California and maintains its principal place of business / "nerve center" in Cupertino, California, where it is headquartered.   Further, Defendants have transacted business in this district, and have violated laws in this judicial district. Defendants have established minimum contacts with this forum and the exercise of

jurisdiction over Defendants would not offend the traditional notions of fair play and substantial justice.

6.      Venue in this judicial district is proper under 28 U.S.C. §§ 1391(b)-(d) for numerous reasons, including, but not limited to, that Defendant is headquartered in this district and conducts a significant amount of business in this district.

**III.**

**FACTUAL ALLEGATIONS**

7.      The day after Thanksgiving, known informally as "Black Friday", is the busiest shopping day of the year for American consumers.  The first Monday after Thanksgiving, known informally as "Cyber Monday" is also an extremely busy shopping day, particularly for technology products.  During the time around Black Friday and Cyber Monday, major retailers routinely offer significant discounts on products to entice consumers.

8.      This past Black Friday through Cyber Monday, Apple held a so-called "Apple Shopping Event" – a four-day-long special holiday sales event (the "Apple Shopping Event"), which lasted from November 23, 2018 through November 26, 2018 (the "Sales Period").  During the Sales Period, Apple advertised and marketed a series of its products that, for customers who purchased such products within the Sales Period, purportedly came with an Apple Store Gift Card ranging from $25 - $200, depending on the product (each, a "Gift Card").

9.      The Apple Shopping Event was advertised and marketed in Apple stores, on the Apple internet website, and on the Apple Store mobile application (the "App").

10.      However, in advertising and marketing the Apple Shopping Event on the App, Apple advertised and marketed certain of its products in a manner that falsely and misleadingly led customers to believe that the purchase of such products included the applicable Gift Card.

1    11.    Specifically, the App displayed on its "Shop" page a series of large,

2 clickable image links, the top one being for the "Apple Shopping Event", with other

3 links further down the page being for "Mac", "iPhone" and other products:



12.    When consumers clicked on the "Apple Shopping Event" link, they were

led to believe that the products accessed by such link are part of the "Apple Shopping

Event", including any sales or special rebates, etc., applied thereto.  This is especially

true since the other links on the "Shop" page of the App allowed consumers to buy the

same products irrespective of whether they were subject to the Apple Shopping Event.

CLASS ACTION COMPLAINT

13.    After clicking on the Apple Shopping Event link on the App, consumers reached a page listing specific Apple products that were represented by Apple to be part of the Apple Shopping Event:



14.    Scrolling down on the page, consumers could click on different Apple products that were again represented by Apple to be included in the special Apple Shopping Event:

- 5 -

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18

 

19    15.    Further, after clicking on an applicable product, Apple again represented to

20  consumers that the products on these pages were part of the Apple Shopping Event and

21  eligible for Gift Cards.

22    16.    For example, when consumers clicked on the MacBook Air link (which

23  link is shown in the screenshot immediately above and to the right of this paragraph),

24  the following screen appeared:

25
26
27
28

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28





17.    Again, the applicable pages of the App falsely led consumers to believe that the products contained on said pages were eligible for the applicable Gift Card.

18.    When Apple marketed its Apple Shopping Event advertisements and Gift Card offer with respect to products for which it had no intention actually to provide Gift Cards upon purchase, it acted in an intentionally deceptive manner in its marketing tactics by including a vague reference to "select" products being eligible for the Gift Card promotions.  However, Apple concealed what "select" meant by hiding the explanation at the bottom of three separate layers of terms and conditions – effectively ensuring that no reasonable consumer would know that the product he or she was buying was actually not covered by the special offer.

1

2

3

19.     Indeed, when consumers scrolled to the bottom of the App to see what "terms and conditions" applied to the Apple Shopping Event and the Gift Card offer, this screen appeared:

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21



22

23

24

25

20.     Inexplicably, Apple did not define "select" on the page.  Clicking on the "terms and conditions" link illustrated in the screenshot immediately above this paragraph took consumers out of the App and onto another cryptic page on the Apple.com website containing the exact same language:

26

27

28

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18



19    21.    Only when consumers clicked again on the additional link on this second

20 page of terms and conditions, were they able to see a more detailed third set of terms

21 and conditions.  Couched in those terms and conditions are a few parenthetical

22 statements that cryptically indicate that certain Apple products might have been

23 excluded from the Apple Holiday Sale.  This is notwithstanding the fact that some or all

24 of such products were included in the Apple Shopping Event link and were represented

25 throughout the App as being eligible for the Gift Card offer.  Thus, Apple engaged in

26 clearly false, deceptive, and misleading marketing and advertising.

27    22.    Plaintiff is a victim of Apple's false and misleading business practices.  On

28 November 26, 2018, she accessed the App on her phone and purchased a MacBook Air

with a retina display after clicking on the link for the special Apple Shopping Event link.  To this day, Plaintiff has not received the $200 Gift Card offered by Apple in connection with her purchase.  Plaintiff is one of numerous consumers throughout the United States who were duped into buying one or more Apple products based on false and misleading offers for Gift Cards that Apple had no intention to actually provide.

## IV.

## CLASS ACTION ALLEGATIONS

23.     Plaintiff brings this case as a class action that may be properly maintained under Federal Rule of Civil Procedure 23 on behalf of herself and all persons in the United States who, between November 23, 2018 and November 26, 2018 (inclusive), purchased an Apple product from the Apple Store App as part of the Apple Shopping Event and did not receive the applicable Gift Card ("Nationwide Class").

24.     Plaintiff also seeks to represent a subclass defined as all California citizens who, at any time between November 23, 2018 and November 26, 2018 (inclusive), purchased an Apple product from the Apple Store App as part of the Apple Shopping Event and did not receive the applicable Gift Card ("California Subclass", and together with the Nationwide Class, the "Classes").

25.     Excluded from the Classes are Defendant, the officers and directors of the Defendant at all relevant times, members of its immediate families and its legal representatives, heirs, successors or assigns and any entity in which Defendant has or had a controlling interest. Any judge and/or magistrate judge to whom this action is assigned, and any members of such judges' staffs and immediate families are also excluded from the Classes.

26.     Plaintiff hereby reserves the right to amend or modify the class definitions with greater specificity or division after having had an opportunity to conduct discovery.

27.     Plaintiff is a member of the Nationwide Class and California Subclass.

## NUMEROSITY

28.     The potential members of the class as defined are so numerous or many that joinder of all the members of the class is impracticable.

## COMMONALITY

29.     Common questions of law and fact exist as to all members of the Classes and predominate over questions affecting only individual class members. Common legal and factual questions include, but are not limited to, whether Apple's representations regarding the $200 Gift Card offer were false and misleading, and therefore violated various consumer protection statutes and common laws.

## TYPICALITY

30.     Plaintiff's claims are typical of the claims of the putative class.  Plaintiff and putative class members were all exposed to the same or substantially similar false and misleading representations by Apple, purchased Apple products relying on the uniform false and misleading representations, and suffered losses as a result of such purchases.

## ADEQUACY OF REPRESENTATION

31.     Plaintiff is an adequate representative of the Classes because her interests do not conflict with the interests of the members of the Classes she seeks to represent, she has retained competent counsel experienced in prosecuting class actions, and she intends to prosecute this action vigorously. The interests of the members of the Classes will be fairly and adequately protected by Plaintiff and her counsel.

## SUPERIORITY OF CLASS ACTION

32.     A class action is superior to other available means for the fair and efficient adjudication of this controversy. Individual joinder of all class members is not

CLASS ACTION COMPLAINT

practicable, and questions of law and fact common to the class predominate over any questions affecting only individual members of the class.   Class action treatment will empower similarly situated persons to litigate their claims in the manner that is most efficient and economical for the parties and judicial system.

33.     This lawsuit is maintainable as a class action under Federal Rule of Civil Procedure 23(b)(2) because Defendant has acted or refused to act on grounds that are generally applicable to the class members, thereby making final injunctive relief appropriate with respect to all Classes.

34.     This lawsuit is maintainable as a class action under Federal Rule of Civil Procedure 23(b)(3) because the questions of law and fact common to the members of the Classes predominate over any questions that affect only individual members, and because the class action mechanism is superior to other available methods for the fair and efficient adjudication of the controversy.

**V.**

**<u>FIRST CLAIM FOR RELIEF</u>**

**(Violation of the California Consumers Legal Remedies Act ("CLRA"),**

**Civil Code § 1750, et seq.)**

**(For the Nationwide Class, or in the alternative, for the California Subclass, in each case, Against Apple)**

35.     Plaintiff realleges and incorporates by reference all paragraphs set forth above.

36.     Plaintiff brings this claim individually and on behalf of the Nationwide Class, or in the alternative, for the California Subclass, against Defendant.

37.     Plaintiff and other members of the Nationwide Class and California Subclass are "consumers" as defined by the CLRA.  The Products are "goods" within the meaning of the CLRA.  Apple is the "supplier" and/or "seller" within the meaning of the CLRA.

38.     Apple has violated the CLRA by engaging in the following:

(a)     "Advertising goods or services with intent not to sell them as advertised." (Cal. Civ. Code § 1770, subd. (a)(9));

(b)     Making false or misleading statements of fact concerning reasons for, existence of, or amounts of, price reductions. (Cal. Civ. Code § 1770, subd. (a)(13));

(c)     "Representing that a transaction confers or involves rights, remedies, or obligations that it does not have or involve…." (Cal. Civ. Code § 1770, subd. (a)(14)); and

(d)     "Representing that the consumer will receive a rebate, discount, or other economic benefit, if the earning of the benefit is contingent on an event to occur subsequent to the consummation of the transaction."  (Cal. Civ. Code § 1770, subd. (a)(17)).

39.     Plaintiff and other members of the Classes relied on Apple's misrepresentations in deciding whether to purchase the Products.

40.     As a direct and proximate result of Apple's conduct, Plaintiff and other members of the Classes were injured.

41.     Plaintiff is concurrently serving Defendant with a CLRA notification via certified mail, return receipt requested.

42.     The notice letter sets forth the relevant facts, notifies the Defendant of its CLRA violations, and requests that Defendant promptly remedy those violations.

43.     Under the CLRA, a plaintiff may without prior notification file a complaint alleging violations of the CLRA that seeks injunctive relief only. Then, if the Defendant does not remedy the CLRA violations within 30 days of notification, the plaintiff may amend her or his CLRA causes of action without leave of court to add claims for damages. Plaintiff, individually and on behalf of the Classes, will amend this complaint to add damages claims if Defendant does not remedy its violations as to Plaintiff and the members of the Classes within the statutory period.

44.     Pursuant to Cal. Civ. Code § 1782(a)(2), Plaintiff, on behalf of Plaintiff's self and the Classes, demand judgment against Defendant under the CLRA for injunctive and equitable relief only to enjoin the practices described herein.

45.     Plaintiff, individually and as a member of the Classes, has no adequate remedy at law for the future unlawful acts, methods, or practices as set forth above.

46.     Pursuant to § 1780(d) of the CLRA, attached hereto as Exhibit A is the affidavit showing that this action has been commenced in the proper forum.

47.     In bringing this action, Plaintiff has engaged the services of attorneys and has incurred reasonable legal expenses in an amount to be proved at trial.

48.     Plaintiff is also entitled to recover Plaintiff's attorneys' fees, costs, and expenses.

49.     At this time, Plaintiff disclaims damages under the CLRA, but seeks an order from this Court enjoining any further conduct by Apple of the nature alleged herein.

50.     Plaintiff reserves the right to amend this Class Action Complaint and to assert a claim for damages pursuant to Civil Code § 1782.

## VI.

## SECOND CLAIM FOR RELIEF

**(Violation of California's Unfair Competition Law ("UCL"))**

**(For the Nationwide Class, or in the alternative, for the California Subclass, in each case, Against Apple)**

51.     Plaintiff realleges and incorporates by reference all paragraphs set forth above.

52.     Plaintiff brings this claim individually and on behalf of the Nationwide Class, or in the alternative, for the California Subclass, against Defendant.

53.     UCL § 17200 provides, in pertinent part, that "unfair competition shall mean and include any unlawful, unfair or fraudulent business act or practice and unfair,

deceptive, untrue or misleading advertising . . . ." California Business and Professional Code ("Cal. Bus. & Prof. Code") §§ 17200.

54.     Under the UCL, a business act or practice is "unlawful" if it violates any established state or federal law.

55.     Apple's false and misleading representations surrounding the Apple Shopping Event and Gift Cards were "unlawful" because they violated the CLRA, California's False Advertising Law ("FAL"), and other applicable state and federal laws, including, but not limited to, 15 U.S.C. 52 – an important federal law prohibiting the dissemination of false advertisements.

56.     As a result of Apple's unlawful business acts and practices, Apple has and continues to unlawfully retain money from Plaintiff and other members of the Classes.

57.     Under the UCL, a business act or practice is "unfair" if the defendant's conduct is substantially injurious to consumers, offends public policy, and is immoral, unethical, oppressive, and unscrupulous, as the benefits for committing such acts or practices are outweighed by the gravity of the harm to the alleged victims.

58.     Apple's conduct with regard to the Apple Shopping Event and Gift Cards, as described above, was misleading, unfair, unlawful, and was injurious to consumers who rely on Apple's representations and did not get what they were expecting. Deceiving consumers about a Gift Card offer is of no benefit to consumers. Therefore, Defendant's conduct was and continues to be "unfair."

59.     As a result of Apple's unfair business acts and practices, Apple has and continues to unfairly hold money from Plaintiff, and members of the Classes.

60.     Under the UCL, a business act or practice is "fraudulent" if it actually deceives or is likely to deceive members of the consuming public.

61.     Apple's conduct here was fraudulent because it has deceived and/or was likely to deceive consumers into believing that they were to receive a Gift Card with

certain product purchases, when they were not. Because Apple misled Plaintiff and other members of the Classes, Apple's conduct was "fraudulent."

62.    As a result of Apple's fraudulent business acts and practices, Apple has and continues to fraudulently hold money from Plaintiff and other members of the Classes.

63.    Plaintiff requests that this Court cause Apple to restore this unlawfully, unfairly, and fraudulently obtained money to Plaintiff and other members of the Classes, to disgorge the profits Apple made on these transactions, and to enjoin Apple from violating the UCL or violating it in the same fashion in the future as discussed herein. Otherwise, Plaintiff and other members of the Classes may be irreparably harmed and/or denied an effective and complete remedy if such an order is not granted.

64.    Monetary damages are an inadequate remedy at law because injunctive relief is necessary to deter Defendant from continuing its false and deceptive conduct in the future.

## VII.

## THIRD CLAIM FOR RELIEF

**(Violations of the False Advertising Law ("FAL"), Cal. Bus. & Prof. Code § 17500, et seq.)**

**(For the Nationwide Class, or in the alternative, for the California Subclass, in each case, Against Apple)**

65.    Plaintiff realleges and incorporates by reference all paragraphs set forth above.

66.    Plaintiff brings this claim individually and on behalf of the Nationwide Class, or in the alternative, the California Subclass, against Defendant.

67.    California's FAL makes it "unlawful for any person . . . to make or disseminate or cause to be made or disseminated before the public in . . . any advertising device . . . or in any other manner or means whatever, including over the Internet, any statement, concerning . . . personal property or . . . services, professional or otherwise . .

. or performance or disposition thereof, which is untrue or misleading, and which is known, or which by the exercise of reasonable care should be known, to be untrue or misleading." Cal. Bus. & Prof. Code §§ 17500.

68.     Apple represented to the public, including Plaintiff and other members of the Classes, that it was offering Gift Cards with the purchase of certain products even though Apple had no intention to honor that offer for such products.  Because Apple disseminated false and misleading information regarding the Apple Shopping Event and Gift Cards, and Apple knew or should have known, through the exercise of reasonable care, that the information was false and misleading, Apple has violated the FAL.

69.     As a result of Apple's false advertising and marketing, Apple fraudulently obtained money from Plaintiff and other members of the Classes.

70.     Plaintiff requests that this Court cause Apple to restore this fraudulently obtained money to Plaintiff and other members of the Classes, to disgorge the profits Apple made on these transactions, and to enjoin Apple from violating the FAL or violating it in the same fashion in the future as discussed herein. Otherwise, Plaintiffs and other members of the Classes may be irreparably harmed and/or denied an effective and complete remedy if such an order is not granted.

71.     Monetary damages are an inadequate remedy at law because injunctive relief is necessary to deter Apple from continuing its false and deceptive conduct in the future.

///

# VIII.

## FOURTH CLAIM FOR RELIEF

### (Breach of Express Warranty)

### (For the Nationwide Class, or in the alternative, for the California Subclass, in each case, Against Apple)

72.    Plaintiff realleges and incorporates by reference all paragraphs set forth above.

73.    Plaintiffs bring this claim individually and on behalf of the Nationwide Class, or in the alternative, for the California Subclass, against Defendant.

74.    California Commercial Code ("Cal. Comm. Code") § 2313 provides that "(a) Any affirmation of fact or promise made by the seller to the buyer which relates to the goods and becomes part of the basis of the bargain creates an express warranty that the goods shall conform to the affirmation or promise," and "(b) Any description of the goods which is made part of the basis of the bargain creates an express warranty that the goods shall conform to the description." Cal. Comm. Code § 2313.

75.    The Magnuson-Moss Warranty Act, 15 U.S.C. § 2301, et seq. provides for "[f]ull and conspicuous disclosure of terms and conditions…." 15 U.S.C. 2302(a) "In order to improve the adequacy of information available to consumers, prevent deception, and improve competition in the marketing of consumer products…." *Id.*

76.    Defendant expressly warranted that a Gift Card would be included with the purchase of products connected with the Apple Shopping Event. These representations about the Gift Card offer: (1) are affirmations of fact or promises made by Apple, to consumers, that a Gift Card would be provided along with the applicable Apple products; (2) became part of the basis of the bargain to purchase the applicable Apple products; and (3) created an express warranty that the deal would conform to the affirmation of fact or promise by the inclusion of such a Gift Card. In the alternative, the representations are descriptions of goods, which were made as part of the basis of the

bargain to purchase the applicable Apple products, and which created an express warranty that the Product bundle would conform to the description and include a Gift Card.

77.     Plaintiff and other members of the Classes reasonably and justifiably relied on the foregoing express warranty in purchasing the applicable Apple products, believing that that the products did in fact conform to the warranty and included the applicable Gift Cards.

78.     Apple has breached the express warranty made to Plaintiff and other members of the Classes by failing to sell the applicable Apple products to satisfy the warranty that they would include the applicable Gift Cards.

79.     Plaintiffs and other members of the Classes did not obtain the full value of the products purchased, as represented. If Plaintiff and other members of the Classes had known of the true nature of the Apple products, they would not have purchased the Apple products or would have paid less for them.

80.     As a result, Plaintiff and other members of the Classes have suffered injury and deserve to recover all damages afforded under the law.

## IX.

## **FIFTH CLAIM FOR RELIEF**

### **(Breach of Implied Warranty)**

### **(For the Nationwide Class, or in the alternative, for the California Subclass, in each case, Against Apple)**

81.     Plaintiff realleges and incorporates by reference all paragraphs set forth above.

82.     Plaintiffs bring this claim individually and on behalf of the Nationwide Class, or in the alternative, for the California Subclass, against Defendant.

83.     California Commercial Code § 2314(1) provides that "a warranty that the goods shall be merchantable is implied in a contract for their sale if the seller is a

merchant with respect to goods of that kind." Cal. Comm. Code § 2314(1). Furthermore, California Commercial Code § 2314(2) provides that "[g]oods to be merchantable must be at least such as . . . [c]onform to the promises or affirmations of fact made on the container or label if any." Cal. Comm. Code § 2314(2)(f).

84.    Apple is a merchant with respect to the sale of various products, including the products at issue in this action. Therefore, a warranty of merchantability is implied in every contract for sale of Apple products to consumers.

85.    In representing throughout its App that the applicable Apple products would include a Gift Card upon purchase during the Apple Shopping Event, Apple has provided a promise or affirmation of fact to consumers that the applicable products would in fact come with Gift Cards.

86.    However, certain of the products did not actually come with Gift Cards, despite Apple's promise or affirmation of fact that they would.

87.    Therefore, Apple has breached its implied warranty of merchantability regarding these products.

88.    If Plaintiff and other members of the Classes had known that the applicable products did not conform to Apple's promise or affirmation of fact, they would not have purchased such products or would have paid less for them. Therefore, as a direct and/or indirect result of Defendant's breach, Plaintiff and other members of the Classes have suffered injury and deserve to recover all damages afforded under the law.

## X.

## <u>SIXTH CLAIM FOR RELIEF</u>

**(Common Law Fraud)**

**(For the Nationwide Class, or in the alternative, for the California Subclass, in each case, Against Apple)**

89.    Plaintiff realleges and incorporates by reference all paragraphs set forth above.

90.     Plaintiffs bring this claim individually and on behalf of the Nationwide Class, or in the alternative, for the California Subclass, against Defendant.

91.     Apple has willfully, falsely, and knowingly represented that certain Apple products sold during the Apple Shopping Event would come with an applicable Gift Card, even though such Gift Cards were not actually provided. Therefore, Apple has made knowing misrepresentations as to such products.

92.     Apple's misrepresentations were material (i.e., the type of misrepresentations to which a reasonable person would attach importance and would be induced to act thereon in making purchase), because they affect the total cost of the Apple product and the Gift Cards equate to a material amount of additional spending money for the consumer.

93.     Apple knew or recklessly disregarded the fact that products not eligible for the Gift Card offer were represented to consumers as eligible before their purchase.

94.     Apple intended that Plaintiffs and other consumers rely on these representations, as the representations are made prominently on the multiple pages of the Apple Store app and elsewhere.

95.     Plaintiff and other members of the Classes have reasonably and justifiably relied on Defendant's misrepresentations when purchasing the applicable Apple products and had the correct facts been known, would not have purchased such products or would not have purchased them at the prices at which they were offered.

96.     Therefore, as a direct and proximate result of Apple's fraud, Plaintiff and other members of the Classes have suffered economic losses and other general and specific damages, including but not limited to the amounts paid for the Products, and any interest that would have accrued on those monies, all in an amount to be proven at trial.

# XI.

## SEVENTH CLAIM FOR RELIEF

### (QUASI-CONTRACT/RESTITUTION)

**(For the Nationwide Class, or in the alternative, for the California Subclass, in each case, Against Apple)**

97.   Plaintiff realleges and incorporates by reference all paragraphs set forth above.

98.   Plaintiffs bring this claim individually and on behalf of the Nationwide Class, or in the alternative, for the California Subclass, against Defendant.

99.   As alleged herein, Apple intentionally, recklessly, and/or negligently made a misleading representation about the Apples Sales Event and Gift Card to Plaintiff and members of the Classes to induce them to purchase the Products. Plaintiff and members of the Classes reasonably relied on the misleading representation and have not received all of the benefits promised by Apple. Plaintiff and members of the Classes therefore have been induced by Apple's misleading and false representations about the Products, and paid for them when they would and/or should not have, and/or failed to receive monetary benefits from Apple that they should have received.

100.   Plaintiffs and members of the Classes have conferred a benefit upon Apple as Apple have retained monies paid to them by Plaintiffs and members of the Classes.

101.   The monies received were obtained under circumstances that were at the expense of Plaintiffs and members of the Classes – i.e., Plaintiffs and other members of the Classes did not receive the full value of the benefit conferred upon Apple because Apple did not provide the Gift Cards as represented to consumers.

102.   Therefore, it is inequitable and unjust for Apple to retain the profit, benefit, or compensation conferred upon them without paying to each of Plaintiff and the

CLASS ACTION COMPLAINT

members of the Classes the difference of the full value of the benefit compared to the value actually received.

103.   As a direct and proximate result of Apple's unjust enrichment, Plaintiffs and members of the Classes are entitled to restitution, disgorgement, and/or the imposition of a constructive trust upon all profits, benefits, and other compensation obtained by Apple from its deceptive, misleading, and unlawful conduct as alleged herein.

104.   Monetary damages are an inadequate remedy at law because injunctive relief is necessary to deter Apple from continuing its false and deceptive conduct regarding the Products.

///

1

## XII.

## **PRAYER FOR RELIEF**

105.   For an order certifying the Nationwide Class and the California Subclass, under Rule 23 of the Federal Rules of Civil Procedure; naming Plaintiff as representative of all Classes, and; naming Plaintiff's attorneys as Class Counsel to represent all Classes;

106.   For an order declaring that Apple's conduct violates the statutes and laws referenced herein;

107.   For an order finding in favor of Plaintiff, and all Classes, on all counts asserted herein;

108.   For an order awarding all damages in amounts to be determined by the Court and/or jury;

109.   For prejudgment interest on all amounts awarded;

110.   For interest on the amount of any and all economic losses, at the prevailing legal rate;

111.   For an order of restitution and all other forms of equitable monetary relief; For injunctive relief as pleaded or as the Court may deem proper;

112.   For an order awarding Plaintiff and all Classes their reasonable attorneys' fees, expenses and costs of suit, including as provided by statute such as under Fed. R. Civ. P. 23(h) and California Code of Civil Procedure section 1021.5 as well as any other applicable law; and

113.   For any other such relief as the Court deems just and proper.

///

CLASS ACTION COMPLAINT

Dated: November 29, 2018               RISE LAW FIRM, PC

                                       By: _____
                                           ELIOT J. RUSHOVICH

                                       Attorneys for Plaintiff
                                       JESSICA LEE

## **DEMAND FOR JURY TRIAL**

Plaintiff Jessica Lee hereby demands a trial by jury on all issues so triable.


Dated: November 29, 2018               RISE LAW FIRM, PC

                                       By: _____
                                           ELIOT J. RUSHOVICH

                                       Attorneys for Plaintiff
                                       JESSICA LEE